FILED
SUPERIOR COURT
OF GUAM

2025 MAY 21 AM 10: 25

CLERK OF COURT

BY:_____ Shoy

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| JOHN R. HOWARD,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM POWER AUTHORITY, GOVERNMENT OF GUAM; AND JOHN DOE INSURANCE COMPANIES ONE THROUGH FIVE,<br><br>Defendants. | Civil Case No. CV0237-23<br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on May 19, 2025, for a Motion Hearing regarding Defendant's Motion to Dismiss. Attorney Charles McDonald II appeared on behalf of Plaintiff John Howard. The Office of the Attorney General of Guam appeared on behalf of Defendants Guam Power Authority ("GPA"), Government of Guam, and Insurance Companies. After reviewing the record, relevant law, and arguments from the parties, the Court **DENIES** the Motion to Dismiss 1) because it is untimely and 2) because Defendant's interpretation of the law lacks any binding legal support on Guam.

## BACKGROUND

Plaintiff John Howard filed his original Complaint on April 5, 2023. Defendant Guam Power Authority filed its Answer on June 12, 2023, asserting, among others, the affirmative

Page 1 of 5

defense that the Plaintiff failed to state a claim upon which relief could be granted. Counsel for Defendants was substituted on August 2, 2024, and the Office of the Attorney General of Guam took over as counsel. The Court ordered the parties to participate in a Settlement Conference on September 9, 2024. At the Status Hearing held in the Court on February 4, 2025, Counsel for Plaintiff reported that Counsel for GPA had not appeared at the settlement conferences. At the same hearing, counsel for Defendants informed the Court that they were planning to file a dispositive motion.

Defendants filed a Motion to Dismiss Defendant Government of Guam on February 14, 2025, as well as a Memorandum in Support of the Motion. Plaintiff filed his Opposition to the Motion to Dismiss on May 1, 2025.

## DISCUSSION

### A. The Motion is Untimely

GRCP Rule 12(b) states that "[a] motion making any of these defenses shall be made *before pleading if a further pleading is permitted*" (emphasis added). One of the defenses in Rule 12(b) is Rule 12(b)(6), failure to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b). While Rule 12(b) allows defendants to raise the defenses under Rule 12(b) as affirmative defenses in their responsive pleading, it also specifically allows certain defenses, including failure to state a claim, in motions. However, such motions must be made before pleading, as stated in the Rule.

Here, Defendants filed their Answer on June 12, 2023, and proceeded to file a motion "to dismiss the claims against the Government of Guam, pursuant to Rule 12(b)(6)" over twenty months later on February 14, 2025. Defendants failed to file a Reply to Plaintiff's Opposition to

their Motion to Dismiss, which addressed the untimeliness of the Motion, and when the Court brought it up again at the Motion Hearing held on May 20, 2025, Counsel for Defendants stated he was not aware of any such rule, and in fact was not aware that Defendants had ever Answered the Complaint. Regardless of whether Counsel was aware of this Rule, a 12(b)(6) Motion must be made before Answering, and that window is well passed. Therefore, the Motion is untimely.

**B. Plaintiff Has Not Failed to State a Claim**

However, even if Defendant's Motion to Dismiss was timely, it would still fail. "A Rule 12(b)(6) motion tests the sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When reviewing a Rule 12(b)(6) motion, the Court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9 (citation omitted). Dismissal is appropriate only when the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief." *Taitano v. Calve Fin. Corp.*, 2008 Guam 12 ¶ 9 (quoting *Vasquez v. Los Angeles City.*, 487 F.3d 1246, 1249 (9th Cir. 2007)).

Defendant contends that GPA owed no duty to Mr. Howard because the defect in the gate mechanism was open and notorious and Mr. Howard was an employee of a contractor, not of GPA itself. Defendant's one source for this interpretation of the law comes from a Law Review article, which itself does not cite any sources which are binding on Guam courts.

Plaintiff correctly asserts that, under 18 GCA § 90107, a property owner is responsible "for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has willfully brought the injury upon himself." Title 18 GCA

§ 90107 (2005). The Guam Supreme Court has repeatedly applied this standard of ordinary or reasonable care, as seen in *Nissan Motor Corp. v. Sea Star Group Inc.* and *Guerrero v. McDonald 's International Property Co. Ltd. & American Home Assurance Company. Nissan Motor Corp. v. Sea Star Group Inc.*, 2002 Guam 5 ¶ 11; *Guerrero v. McDonald 's Int'l Prop. Co. Ltd. & American Home Assurance Co.*, 2006 Guam 2 ¶ 12. Guam has no law stating that employers have no duty to warn contractor's employees of open and obvious hazards. Rather, Guam courts have stated that "every landowner owes a duty to exercise reasonable care in the management of his property." *Nissan*, 2002 Guam 5 ¶ 11. Guam courts have also recognized that California case law based on Section 1714 of the California Civil Code may be considered in Guam because Title 18 GCA § 90107 finds its source in this section. *Guerrero*, 2006 Guam 2 ¶ 12. The Court in *Guerrero* further recognized that 1) a property owner does owe a duty to exercise reasonable care in keeping the premises reasonably safe and 2) that under California law, the store owner's "actual or constructive knowledge of a dangerous condition" is key in establishing liability. *Guerrero*, 2006 Guam 2 ¶¶ 13-14 (citation omitted).

Therefore, applying Guam's reasonable care and knowledge of dangerous condition standards, it is clearly possible that Plaintiff could prove a set of facts in support of his claim which would entitle him to relief. Plaintiff has alleged that "Defendant GPA had both actual and constructive knowledge of the defect in the electric front entrance gate" and that "Defendant ordered Plaintiff, through his employer, to manually assist with closing the defective electric gate...[which] provided the condition for the occurrence of the accident...[and] Plaintiff's injury was foreseeable given Defendant's instruction." Plaintiff's Opposition at 5,7 (May 1, 2025). It is possible that Plaintiff could prove these facts, which would then entitle him to relief. The Court therefore

believes that "constru[ing] the pleading in the light most favorable" to Plaintiff as the non-moving party, the claim has been sufficiently pled according to the standard under 12(b)(6).

## **CONCLUSION**

Therefore, the Court **DENIES** Defendant's Motion to Dismiss.

**SO ORDERED**, this _____5|21|25_____.


_____
**HONORABLE JOHN C. TERLAJE**
**Judge, Superior Court of Guam**